IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Louis Keith Harris, | Civil Action No. 2:11-1590-DCN-BHH |
| Plaintiff, | |
| vs. | **REPORT AND RECOMMENDATION** |
| Michael J. Astrue, Commissioner of Social Security, | **OF MAGISTRATE JUDGE** |
| Defendant. | |

This case is before the Court for a Report and Recommendation pursuant to Local Rule 73.02(B)(2)(a), D.S.C., concerning the disposition of Social Security cases in this District, and Title 28, United States Code, Section 636(b)(1)(B).[1]

The plaintiff brought this action pursuant to Section 205(g) of the Social Security Act, as amended, (42 U.S.C. Section 405(g)), to obtain judicial review of a final decision of the Commissioner of Social Security Administration regarding his claim for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act.

## RELEVANT FACTS AND ADMINISTRATIVE PROCEEDINGS

The plaintiff filed an application for DIB and SSI on April 3, 2003, at which time he was 36 years of age. (R. at 13, 21.) He alleged disability since October 30, 2002, due to pain, numbness and stiffness in his arm, hands, and fingers, and thoracic outlet syndrome and irritable bowel. (R. at 15, 207.) After his applications were denied initially and on reconsideration, a hearing was held before an Administrative Law Judge ("ALJ") on November 28, 2005. (R. at 13.) The ALJ issued a decision on June 29, 2006, in which he found the the plaintiff was not disabled. (R. at 13-22.) The Appeals Council denied the plaintiff's request for review, and the plaintiff filed suit in federal court. (R. at 5-7, 401.) *See*

---

[1] A Report and Recommendation is being filed in this case, in which one or both parties declined to consent to disposition by the magistrate judge.

*Harris v. Astrue*, C.A. No. 8:06-3171-DCN-BHH. On March 10, 2008, the Honorable David C. Norton entered an Order reversing the Commissioner's decision and remanding the case pursuant to sentence four of 42 U.S.C. § 405(g). (R. at 274-75.) The Appeals Council then vacated the ALJ's June 2006 decision and remanded the case for further proceedings. (R. at 292-94.)

After a hearing on June 12, 2008, a second ALJ issued an order in which he found that the plaintiff was not disabled. (R. at 316-41, 360-74.) The Appeals Council denied the plaintiff's request for review, and the plaintiff again filed suit in federal court. (R. at 342-44.) *See Harris v. Astrue*, C.A. No. 8:08-3808-BHH. On March 11, 2010, the undersigned reversed the Commissioner's decision and remanded the case pursuant to sentence four of 42 U.S.C. § 405(g). (R. at 400-11.) The Appeals Council vacated the July 18, 2008 ALJ decision and remanded the case for further administrative proceedings. (R. at 412-14.)

An additional administrative hearing was held in November of 2010. (R. at 459-88.) On December 9, 2010, the ALJ found that the plaintiff was not disabled. (R. at 360-74.) The Appeals Council denied the plaintiff's request for review, (R. at 342-44), making the ALJ's decision the Commissioner's final decision for purposes of judicial review.

In making his determination that the Plaintiff is not entitled to benefits, the Commissioner has adopted the following findings of the ALJ:

> (1) The claimant met the insured status requirements of the Social Security Act only through December 31, 2007.
>
> (2) The claimant has not engaged in substantial gainful activity since October 30, 2002, the alleged onset date (20 CFR 404.1571 *et seq*. and 416.971 *et seq*.).
>
> (3) The claimant has the following severe impairments: degenerative disc disease, thoracic outlet syndrome, and carpal tunnel syndrome (20 CFR 404.1520(c) and 416.920(c)).
>
> (4) The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

(5) After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform a light range of sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) in that he can lift and carry up to ten pounds occasionally and light objects frequently; stand and walk for up to two hours in a work day; and sit throughout the work day. He may not perform constant repetitive use of either upper extremity for fine or gross manipulation; and must be allowed to alternate sitting and standing at will at the workstation. As the evidence shows that he has no transferable work skills from his past work, he is further restricted to unskilled work.

(6) The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

(7) The claimant was born on January 18, 1967, and was 35 years old, which is defined as a younger individual age 18-44, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

(8) The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

(9) Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

(10) Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

(11) The claimant has not been under a disability, as defined in the Social Security Act, from October 30, 2002, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

## APPLICABLE LAW

The Act provides that disability benefits shall be available to those persons insured for benefits, who are not of retirement age, who properly apply, and who are under a "disability." 42 U.S.C. § 423(a). "Disability" is defined in the Act as the inability to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than" twelve months. 42 U.S.C. § 1382c(a)(3)(A).

To facilitate a uniform and efficient processing of disability claims, the Act has by regulation reduced the statutory definition of "disability" to a series of five sequential questions. An examiner must consider whether the claimant (1) is engaged in substantial gainful activity, (2) has a severe impairment, (3) has an impairment which equals an illness contained in the Administration's official Listing of Impairments found at 20 C.F.R. Part 4, Subpart P, Appendix 1, (4) has an impairment which prevents past relevant work, and (5) has an impairment which prevents him from doing substantial gainful employment. *See* 20 C.F.R. § 416.920. If an individual is found not disabled at any step, further inquiry is unnecessary. *Id.*; *see also Hall v. Harris*, 658 F.2d 260 (4th Cir. 1981).

A plaintiff is not disabled within the meaning of the Act if he can return to past relevant work as it is customarily performed in the economy or as the claimant actually performed the work. Social Security Ruling (SSR) 82–61, 1975-1982 Soc. Sec. Rep. Serv. 836 (West 1983). The plaintiff bears the burden of establishing his inability to work within the meaning of the Act. 42 U.S.C. § 1382c(a)(3)(H)(I). He must make a prima facie showing of disability by showing that he is unable to return to his past relevant work. *Grant v. Schweiker*, 699 F.2d 189, 191 (4th Cir. 1983).

Once an individual has established an inability to return to his past relevant work, the burden is on the Commissioner to come forward with evidence that the plaintiff can perform alternative work and that such work exists in the regional economy. The Commissioner

4

may carry the burden of demonstrating the existence of jobs available in the national economy which the plaintiff can perform despite the existence of impairments which prevent the return to past relevant work by obtaining testimony from a vocational expert. *Id.* at 191-92.

The scope of judicial review by the federal courts in disability cases is narrowly tailored to determine whether the findings of the Commissioner are supported by substantial evidence and whether the correct law was applied. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *see also Richardson v. Perales*, 402 U.S. 389 (1971). Consequently, the Act precludes a *de novo* review of the evidence and requires the court to uphold the Commissioner's decision as long as it is supported by substantial evidence. *Pyles v. Bowen*, 849 F.2d 846, 848 (4th Cir. 1988) (*citing* U.S.C. § 405(g)*; Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986)). The phrase "substantial evidence" is defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

*Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

Thus, it is the duty of this court to give careful scrutiny to the whole record to assure that there is a sound foundation for the Commissioner's findings, and that his conclusion is rational. *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). If there is substantial evidence to support the decision of the Commissioner, that decision must be affirmed. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

**DISCUSSION**

The Court is confused. This case has now been *twice* remanded (R. at 274-91, 400-11) for reconsideration of *one* issue – the plaintiff's credibility. The second remand was necessary because the ALJ, in spite of the Court's plain instruction, again did not perform the credibility analysis as prescribed by governing law and ordered by the court. (R. at 408-09.) Additionally, the plaintiff continued to challenge matters already addressed by the Court in its first decision. (See R. at 405-07.) In the Court's second Order, the undersigned went to some length to explain how the "Law of the Case" and "Rule of Mandate" doctrines narrowly tailored the remand to issues of the plaintiff's credibility only. *Id*. That admonition will not be recounted here, but it is enough to say that it was not heeded. The parties have returned a third time with a fulsome treatment of the plaintiff's case, the plaintiff's brief at some 43 pages chased by a reply. The Court previously stated as clearly as it possibly could:

> On remand, therefore, the defendant is ORDERED to ensure that **only the plaintiff's credibility is considered** in light of this Court's instruction concerning *Craig*. The defendant, of course, is permitted to pursue any issues implicated or affected by that renewed determination, to wit, the plaintiff's residual functional capacity. **Both parties are tasked with advocating on behalf of the mandate of this Order**. To the extent the matter returns under circumstances where the mandate of this Order has been disregarded and there is evidence that the plaintiff did not champion it, **the Court may affirm the decision of the ALJ, even where it might otherwise have been inclined to find continuing legal error.**

(R. at 410.) As far as the undersigned can tell, neither of the previous Orders or reports and recommendations of the Court have ever been read.

The case is easily disposed of on two accounts. First, the ALJ performed a proper credibility analysis. (R. at 364-66.) He recognized the controlling analysis and applied it appropriately. *Id*. The Court has reviewed the record and substantial evidence supports the decision. The ALJ made a thorough examination of the plaintiff's daily activities and the

6

objective medical evidence in concluding that although the plaintiff's impairments could produce some pain, they could not reasonably be expected to cause the type and severity of symptoms alleged (R. at 365). (See R. at 364-67.) The ALJ found that the plaintiff made inconsistent statements regarding the onset of his condition. (R. at 368; see, e.g., R. at 110, 180.) The ALJ further found that, although the plaintiff denied improvement in his symptoms following surgery, he, at other times, acknowledged improvement since the surgery. (R. at 368; compare R. at 310 with R. at 110, 158, 180-81.) While the plaintiff testified that he experienced "constant" pain in his arms and hand, he told his treatment providers at the Free Medical Clinic that the pain was intermittent. (R. at 305-06, 322, 324-25). The ALJ also observed that the plaintiff failed to comply with laboratory testing requirements at the Free Medical Clinic and (although reduced or no-cost treatment was available) self-treated with "street drugs." (R. at 367, 368, 369; see, e.g., R. at 443, 449.)

As to the objective medical record, x-rays following the plaintiff's cervical fusion surgery showed good placement of the plate and ongoing incorporation of the graft, and nerve studies did not show any evidence of cervical radiculopathy. (R. at 111, 114, 259.) While the nerve studies showed thoracic outlet syndrome and asymptomatic carpal tunnel syndrome, medical examinations revealed that the plaintiff could move and feel with all four extremities, had intact sensation in all four limbs, had normal coordination, normal deep tendon reflexes, and normal arm strength, and appeared "grossly intact neurologically." (See, e.g., R. at 110-11, 131-32, 164, 259-60, 443 448.) Moreover, the plaintiff received only conservative treatment following his surgery, and the plaintiff acknowledged that he used wrist splints only occasionally. (R. at 369.)

There is no remaining error in the ALJ's credibility determination.

As a result, the Court's permission to revisit other matters (R. at 410), quoted above, was never implicated because the view of the ALJ as to the plaintiff's credibility was not amended. For this reason, the exhaustive treatment below and now here again on appeal

7

far exceeds the instruction of the Court. For that reason alone, enforcement of the Court's warning that it would "affirm the decision of the ALJ, even where it might otherwise have been inclined to find continuing legal error" is justified. *Id*. The Court has inherent authority to police noncompliance with its orders. *See Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989).

For all of the above, the decision of the defendant is affirmed.

## **CONCLUSION AND RECOMMENDATION**

Based on the foregoing, this Court concludes that the findings of the ALJ are supported by substantial evidence and recommends that the decision of the Commissioner be affirmed.

IT IS SO RECOMMENDED.

                                                  s/BRUCE H. HENDRICKS
                                                  UNITED STATES MAGISTRATE JUDGE

June 20, 2012
Charleston, South Carolina